UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-23770-CIV-LENARD/ELFENBEIN

**BRITTNEY McLAURIN,**

    Plaintiff,

v.

**MIAMI DADE COUNTY,**

    Defendant.

_____/

## ORDER GRANTING MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendant, Miami Dade County's Motion to Dismiss ("Motion," D.E. 6) filed November 6, 2024. Plaintiff, Brittney McLaurin filed a Response ("Response," D.E. 8) on November 7, 2024, to which Defendant filed a Reply on November 14, 2024 ("Reply," D.E. 13). Upon review of the Motion, Response, Reply, and the record, the Court finds as follows.

**I.**    **Background[1]**

This action involves a series of disputes between an employee, Brittney McLaurin ("Plaintiff") and her employer, Miami Dade County ("Defendant"). Plaintiff was employed by Defendant as a Medical Examiner Case Investigator. (Compl. ¶ 14). Plaintiff worked on medical examiner cases—including unidentified persons cases—conducting

---

[1] The following facts are gleaned from Plaintiff's Complaint (D.E. 1) and are deemed to be true for purposes of ruling on Defendant's Motion.

investigations, communicating with next of kin, assisting with reports, and ensuring proper case management. (*Id.* ¶¶ 15–20).

Plaintiff complained of various issues in the Medical Examiner's Office. Her complaints concerned deficiencies in the handling and disposal of human remains as well as discrepancies in the qualifications of other staff members. (*Id.* ¶¶ 39–44). Plaintiff also suffers from various physical disabilities. (*Id.* ¶¶ 16, 64, 72, 83). Plaintiff requested reasonable accommodations for her disabilities including "voice to text capabilities, flexible schedule hours and telework but was only given telework as an accommodation." (*Id.* ¶ 35). Plaintiff faced retaliation for her complaints and requests for accommodations which resulted in her being relieved of duty with pay on or about January 27, 2023. (*Id.* ¶¶ 29, 45).

On September 30, 2024, Plaintiff filed her Complaint in this Court alleging the following causes of action:

- Count I: Disability Discrimination in Violation of the Americans with Disabilities Act ("ADA") and the ADA Amendments Act ("ADAAA"), (*id.* ¶¶ 49–60);

- Count II: Disability Discrimination in Violation of the Florida Civil Rights Act ("FCRA"), (*id.* ¶¶ 61–78);

- Count III: Failure to Accommodate in Violation of the ADA and ADAAA (based upon Plaintiff's diabetes); (*id.* ¶¶ 69–79);[2]

---

[2] Count III picks up at paragraph 69 rather than 79. In other words, Plaintiff made an error in numbering the paragraphs that follow Count II. Plaintiff must fix this mistake on replead. *See* Fed. R. Civ. P. 10(b).

- <u>Count IV</u>: Failure to Accommodate in Violation of the FCRA (based upon Plaintiff's injuries to her back and knee requiring her to wear a straight leg brace), (*id.* ¶¶ 80–90);

- <u>Count V</u>: Retaliation in Violation of the ADA and ADAAA, (*id.* ¶¶ 91–98);

- <u>Count VI</u>: Retaliation in Violation of the FCRA, (*id.* ¶¶ 99–106);

- <u>Count VII</u>: Interference with Rights under the Family and Medical Leave Act 29 U.S.C. § 2601 *et seq.* ("FMLA"), (*id.* ¶¶ 117–128);

- <u>Count VIII</u>: Retaliation in Violation of the FMLA, (*id.* ¶¶ 117–128);

- <u>Count IX</u>: Hostile Work Environment in Violation of the FCRA, (*id.* ¶¶ 129–140);

- <u>Count X</u>: Retaliation under the Florida Public Whistleblower Act ("FWA"), (*id.* ¶¶ 141–149).

In its Motion, Defendant asserts that the Complaint should be dismissed as an impermissible shotgun pleading because it incorporates all the General Allegations in paragraphs 1–48 into each of the 10 counts and otherwise "jumbles together disparate statutes, theories and facts." (Mot. at 3). In her Response, Plaintiff counters that her Complaint is not a shotgun pleading because it "provides a cohesive narrative that connects the dots between Plaintiff's claims and the underlying facts." (Resp. at 8). In its Reply, Defendant asserts that Plaintiff has "overlooked the significance of alleging the same 48 paragraphs of facts for 10 claims under 4 different statutory schemes." (Reply at 1).

3

**II.     Legal Standards**

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim" showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  Additionally, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b). Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a claim that violates Rule 8(a), Rule 10(b), or both for "failure to state a claim upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Conclusory statements, assertions or labels will not survive a 12(b)(6) motion to dismiss.  *Id.*  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (setting forth the plausibility standard).  "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citation omitted).

**III.    Discussion**

    **a.    Shotgun Pleading**

Plaintiff's Complaint is a "shotgun pleading" that fails to meet the foregoing minimal pleading standards.  A "shotgun pleading"—one in which "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for

4

relief"—does not comply with the standards of Rules 8(a) and 10(b). *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). Such a pleading forces the court to sift through the facts presented and decide for itself which are material to the claims asserted. *See id.* at 366–67. There are four types of shotgun pleadings that violate Rule 8(a), Rule 10(b), or both:

> The most common type — by a long shot — is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). The "unifying characteristic" of shotgun pleadings is they "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Plaintiff's Complaint effectively falls into the first category of shotgun pleadings. In each of the 10 counts, "Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1–48 of this Complaint as if set out in full herein." (Compl. ¶¶ 49, 61, 69, 80, 91, 99, 107, 117, 129, 141). Thus, while the Complaint does not adopt the allegations of *all* preceding counts, it wholesale incorporates the 48 paragraphs of General Allegations

5

into all 10 counts.³  This might be permissible in a simple, straightforward case alleging only a few counts.  But this case is not simple and straightforward.  Plaintiff's employment grievances span years and include varied allegations concerning, among others: her disabilities and requested accommodations, disputes with supervisors, complaints about personnel decisions, participation in a Miami Herald article about the high volume of unidentified persons cases, and breach of protocol complaints concerning Defendant's handling and disposal of human remains.  Plaintiff then wholesale incorporates the 48 paragraph General Allegation saga into 10 claims for relief based on four separate statutory enactments.  Thus, paragraphs about FMLA entitlement are incorporated into FCRA whistleblower claims and facts concerning mishandling of human remains are mixed into Plaintiff's ADA reasonable accommodation claims.  The Court struggles to ascertain which facts are provided in support of each count.  In other words, the Court is left "to sift through the facts presented to determine which allegations are relevant to a particular claim." *Harris*, 2020 WL 1933169, at *3.  Therefore, the Complaint is an impermissible shotgun pleading that fails to provide adequate notice of the claims asserted and the grounds upon which each claim rests.  *Weiland*, 792 F.3d at 1323.

---

³ In *Harris v. Pub. Health Tr. of Miami-Dade Cnty.*, the district court encountered a similar complaint that re-adopted all factual allegations into each Count—even if the factual allegations were not relevant to the Count. No. 1:19-CV-25298-KMM, 2020 WL 1933169, at *3 (S.D. Fla. Apr. 14, 2020).  Although the complaint did not "precisely fall into the prohibited categories enumerated" in *Weiland*, the court concluded it was still an impermissible shotgun pleading. *Id.*  This Court is persuaded by the reasoning in *Harris*.  Here, too, the Complaint is an impermissible shotgun pleading even though each Count does not incorporate *all* the preceding paragraphs.

b.   **Failure to Accommodate Claims**

"An employee's failure to request a reasonable accommodation is fatal to the prima facie case; 'the duty to provide a reasonable accommodation is not triggered unless a specific demand for an accommodation has been made.'" *Warren v. Volusia Cnty., Fla.*, 188 F. App'x 859, 863 (11th Cir. 2006) (quoting *Gaston v. Bellingrath Gardens & Home, Inc.*, 167 F.3d 1361, 1363 (11th Cir. 1999)).  Here, it is unclear what specific demands were made.  In Plaintiff's General Allegations section, she alleges she requested reasonable accommodations including "voice to text capabilities, flexible schedule hours and telework but was only given telework as an accommodation." (Compl. ¶ 35).  The Court is thus left to infer that Plaintiff requested—and was denied—voice to text capabilities and flexible work hours as reasonable accommodations.  On replead, Plaintiff must clearly identify each "specific demand for an accommodation." *Gaston*, 167 F.3d at 1363.

Plaintiff must also specifically allege the disability she relies on in support of each demand.  In Plaintiff's General Allegations section, she alleges she "was diagnosed with lupus, a condition that substantially limits her ability to engage in major life activities such as standing, walking, and working." (Compl. ¶ 16).  But lupus is not mentioned in support of any of her ten claims for relief.[4]  (*See id.* ¶¶ 50–149).  Instead, in Count III, Plaintiff alleges for the first time that she "suffered from diabetes." (*Id.* ¶ 72).  Plaintiff likewise alleges, for the first time, in Count IV that she "suffered from injuries to her back and knee,

---

[4] Although Plaintiff incorporates the entire General Allegations section into each count for relief, the Court is unable to ascertain "the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323.

7

requiring her to wear a straight leg brace." (*Id.* ¶ 83).  However, Plaintiff does not identify the specific demand(s) she made regarding the disabilities enumerated in Counts III and IV.  On replead, Plaintiff shall have one opportunity to amend these pleading deficiencies.

## IV. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Defendant's Motion to Dismiss Complaint (D.E. 6) is **GRANTED** consistent with this Order;

2. Plaintiff's Complaint (D.E. 1) is **DISMISSED WITHOUT PREJUDICE** as an impermissible shotgun pleading that fails to state a claim upon which relief may be granted; and

3. Plaintiff shall have **FOURTEEN DAYS** from the date of this Order within which to file an Amended Complaint that remedies the pleading deficiencies identified herein.  Failure to do so may result in the dismissal of this case with prejudice.

**DONE AND ORDERED** in Chambers at Miami, Florida this 19th day of November, 2024.

_____
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**